

# IN THE
# TENTH COURT OF APPEALS

## No. 10-20-00069-CR

**JOSHUA DAVID RATHBUN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 443rd District Court
Ellis County, Texas
Trial Court No. 44358CR**

## MEMORANDUM OPINION

Appellant, Joshua David Rathbun, was convicted of possession of a controlled substance in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. In one issue, Rathbun contends that the trial court erred by failing to suppress evidence seized by law enforcement and all written and oral statements Rathbun made to law enforcement. We affirm.

**Background**

On May 21, 2018, Rathbun was observed leaving a Lowe's Home Improvement store with what appeared to be a shop vac for which he had not paid. Acting on tips from a Lowe's customer and a Lowe's employee, police approached Rathbun in a nearby McDonald's parking lot and inquired about the suspected theft of the shop vac. Rathbun was ultimately arrested. After he was in custody, Rathbun told the officers to look for the receipt for the shop vac in the center console of his truck. While searching in the center console of Rathbun's truck, the officers did not find a receipt for the shop vac, but they did find a clear baggie of marijuana and a glass pipe containing 0.52 grams of methamphetamine. The shop vac box was subsequently searched and did not contain a shop vac but a number of new tools.

Rathbun was charged by indictment with unlawful possession of a controlled substance in an amount less than one gram. *See id.* Rathbun filed a motion to suppress, seeking to suppress all tangible evidence seized by law enforcement and all written and oral statements Rathbun made to law enforcement. After a hearing, the trial court denied Rathbun's motion to suppress.

This matter proceeded to a jury trial. The jury found Rathbun guilty of the charged offense and assessed punishment at 630 days' confinement in a state jail facility with a $1,800 fine. The trial court certified Rathbun's right to appeal, and this appeal followed.

**Standard of Review**

We review a trial court's ruling on a motion to suppress using an abuse-of-discretion standard. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). We afford almost total deference to the trial court's determination of historical facts, provided that those determinations are supported by the record. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *see State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011). We give the same level of deference to the trial court's resolution of mixed questions of law and fact that rely on the credibility of witnesses. *State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019). We review de novo mixed questions that do not rely on credibility determinations and pure questions of law. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). We view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013).

In a motion-to-suppress hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); *Smith v. State,* 491 S.W.3d 864, 870 (Tex. App.—Houston [14th Dist.] 2016, pet ref'd). The trial court may make reasonable inferences from the evidence presented. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). When, as here, the trial court does not make explicit findings of fact in a ruling on a motion to suppress evidence, we "'review the evidence in a light most

favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record.'" *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (quoting *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005)); *see Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on the hearing rather than evidence introduced later. *See Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). However, this general rule is inapplicable where, as in this case, the suppression issue has been consensually re-litigated by the parties during trial on the merits. *Id.*

### Reasonable Suspicion for an Investigative Detention

In his sole issue on appeal, Rathbun contends that the trial court erred by denying his motion to suppress. Specifically, Rathbun argues that the police did not have reasonable suspicion to detain him initially.

**APPLICABLE LAW**

> Law enforcement and citizens engage in three distinct types of interactions:
> (1) consensual encounters, (2) investigatory detentions, and (3) arrests.
>
> Consensual police-citizen encounters do not implicate Fourth Amendment protections. Law enforcement is free to stop and question a fellow citizen; no justification is required for an officer to request information from a citizen. And citizens may, at will, terminate consensual encounters. Even when the officer did not communicate to the citizen that the request for information may be ignored, the citizen's acquiescence to an official's request does not cause the encounter to lose its consensual nature. Courts

consider the totality of the circumstances surrounding the interaction to determine whether a reasonable person in the defendant's shoes would have felt free to ignore the request or terminate the interaction. If it was an option to ignore the request or terminate the interaction, then a Fourth Amendment seizure has not occurred. The surrounding circumstances, including time and place, are taken into account, but the officer's conduct is the most important factor when deciding whether an interaction was consensual or a Fourth Amendment seizure.

No bright-line rule governs when a consensual encounter becomes a seizure. Generally, however, when an officer through force or a showing of authority restrains a citizen's liberty, the encounter is no longer consensual. This is the point at which an encounter becomes a detention or arrest, both of which are seizures under the Fourth Amendment. Thus, Fourth Amendment scrutiny becomes necessary. When there is a detention, courts must decide whether the detaining officer had reasonable suspicion that the citizen is, has been, or soon will be, engaged in criminal activity. When there is a warrantless arrest, courts must determine whether the arresting officer had probable cause to believe the same. The State bears the burden of producing specific articulable facts showing reasonable suspicion and probable cause. To meet its burden, the State may present the specific facts known to the officer at the moment the seizure occurred. In making this determination, courts use commonsense judgments and inferences about human behavior.

When a defendant asserts a search and seizure violation under the Fourth Amendment, the defendant bears the burden of producing evidence to rebut the presumption of proper conduct by law enforcement. A defendant can satisfy this burden with evidence that the seizure occurred without a warrant. If the defendant satisfies the initial burden, the burden then shifts to the State to establish that the seizure was nevertheless reasonable under the applicable standard—either reasonable suspicion or probable cause.

*State v. Woodard*, 341 S.W.3d 404, 410-12 (Tex. Crim. App. 2011) (internal citations & quotations omitted).

**DISCUSSION**

Here, the conversation between Rathbun and Officer Brent Dunn of the Waxahachie Police Department began as a consensual encounter. Rathbun voluntarily parked in a McDonald's parking lot, and Officer Dunn approached without having activated the lights on his police cruiser. Rather than ordering Rathbun to stop, Officer Dunn asked, "Can I talk to you?" Officer Dunn then explained that he had received information from dispatch about a theft in progress. Dispatch had informed Officer Dunn that a witness reported a theft at the Lowe's store and given a description of the individual, as well as the truck that he was driving. Officer Dunn told Rathbun about the suspected theft and asked if he could provide a receipt for the shop vac box that was in plain view in the back of Rathbun's pickup truck. At this time, Officer Dunn did not say that compliance was required. He merely stated that he wanted to clear this up and allow Rathbun to go on his way. Rathbun appeared surprised and refused to provide Officer Dunn with identification, his name, or the receipt for the shop vac.

A few minutes later, Officer Derek Behringer, also from the Waxahachie Police Department, arrived and immediately observed Rathbun try to grab a knife from the bed of his pickup truck. For officer safety, Officer Behringer confiscated the knife and continued with the investigation. Shortly thereafter, an agitated Rathbun attempted to leave and enter the McDonald's restaurant, which prompted Officer Behringer to stop Rathbun from leaving the scene and transformed the consensual encounter into an investigative detention.

At the time the encounter became a detention, the officers had reasonable suspicion to further detain Rathbun. *See State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013) ("Reasonable suspicion to detain a person exists if an officer has specific, articulable facts that, combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity."); *see also Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 20 L. Ed. 2d (1968); *State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018) (noting that the reasonable-suspicion standard is an objective, rather than subjective, standard). In particular, the record shows that police had received two 911 calls about Rathbun—one from a concerned customer and one from a Lowe's employee. *See Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011) (noting that a 911 police dispatcher is ordinarily regarded as a "cooperating officer" for the purposes of making the determination of whether reasonable suspicion existed for the detention). The customer reported that he saw Rathbun walk out of the store without paying for the shop vac after simply showing the cashier a Lowe's receipt. *See id.* (noting that "information provided to police by a citizen-informant who identifies himself and may be held to account for the accuracy and veracity of his report may be regarded as reliable"). The customer informed Lowe's employees that "they just got ripped off." The customer also observed Rathbun struggling to put a shop vac box in the bed of this pickup truck, which appeared odd because the shop vac box ordinarily is a lightweight item. Because he believed that

Rathbun had stolen tools from Lowe's and hidden the stolen tools in the shop vac box, the customer followed Rathbun to a Valero gas station and then a McDonald's restaurant and reported the location of Rathbun's pickup truck to police.

The Lowe's employee reported that "somebody carried some items out that they didn't believe had been paid for." When Officer Dunn began speaking with Rathbun, he observed the purported shop vac box in plain view in the bed of Rathbun's pickup truck. Further, Rathbun acknowledged that he had just been at Lowe's and acted nervous and agitated during the encounter. *See Hamal v. State*, 390 S.W.3d 302, 308 (Tex. Crim. App. 2012) (holding that although nervousness alone is not sufficient to establish reasonable suspicion for an investigative detention, it can do so in combination with other factors). And when Rathbun showed Officer Dunn a Lowe's receipt that he claimed was for the shop vac, Rathbun immediately pulled the receipt away to prevent Officer Dunn from reading it closely and showed Officer Dunn a stack of other receipts, many of which were from Home Depot.

Considering the totality of the circumstances and the cumulative information known to the cooperating officers at the time of the encounter, we hold that the trial court did not err in concluding that the officers had reasonable suspicion to stop and detain Rathbun. *See Kerwick*, 393 S.W.3d at 273; *see also Derichsweiler*, 348 S.W.3d at 914 (stating that reasonable suspicion is based on the totality of the circumstances). Accordingly, the

trial court did not err in denying Rathbun's motion to suppress based on this issue.  *See*

*Valtierra*, 310 S.W.3d at 447.  We overrule Rathbun's sole issue on appeal.

**Conclusion**

We affirm the judgment of the trial court.

> MATT JOHNSON
> Justice

Before Chief Justice Gray,
      Justice Johnson,
      and Justice Smith
Affirmed
Opinion delivered and filed November 10, 2021
[CR25]

